FILED
2026 Jul-22  PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **LEE CUNNINGHAM,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 7:26-cv-846-ACA** |
| | } | |
| **RENEE MINOR, et al.,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION**

After Plaintiff Lee Cunningham filed a *pro se* complaint, the court granted him leave to proceed *in forma pauperis* but ordered him to show cause why the court should not dismiss his claims against Defendants John Hamm and Gregory Lovelace for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 10). In response, Mr. Cunningham filed an amended complaint containing additional factual allegations pertaining to Count Three against those two defendants. He also added Deputy Commissioner Charles Williams as a defendant. The court is satisfied that the complaint is adequate for service as to nearly all the asserted claims. However, because Mr. Cunningham does not allege facts that state a claim against Commissioner Lovelace and Deputy Commissioner Williams in Count One, the court **WILL DISMISS** Count One against those defendants **WITHOUT PREJUDICE**.

Because Mr. Cunningham is proceeding *in forma pauperis*, the court must *sua sponte* dismiss the case if it "determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The court must dismiss the case if the plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Count One of the amended complaint asserts wrongful termination in violation of Mr. Cunningham's due process rights pursuant to 42 U.S.C. § 1983. (Doc. 14 at 24–25). Mr. Cunningham brings this claim against Commissioner Lovelace and Deputy Commissioner Williams, among others, and seeks reinstatement as the sole form of relief. (*Id.* at 24). Mr. Cunningham alleges that several defendants, but not Commissioner Lovelace and Deputy Commissioner Williams, provided him with false information and promises which induced him to resign from his full-time position. (*Id.* ¶¶ 22–40).

The court warned Mr. Cunningham that his original complaint "allege[d] no facts against Commissioner Lovelace related to his due process claims." (Doc. 10 at 3). The amended complaint still fails to allege any facts against Commissioner Lovelace and Deputy Commissioner Williams which show that they were involved

in the false representations in any way. (*See generally* doc. 14). Accordingly, Mr. Cunningham has not created a reasonable inference that Commissioner Lovelace or Deputy Commissioner Williams have committed a due process violation. *See Iqbal*, 556 U.S. at 678.

Accordingly, the court **DISMISSES** Count One against Commissioner Lovelace and Deputy Commissioner Williams **WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE** and **ORDERED** this July 22, 2026.

 

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE